UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.

        Plaintiff,

- against -

LOWES FOODS, LLC

        Defendant.

Docket No. 1:18-cv-636

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Adlife Marketing & Communications Company, Inc. ("Adlife" or "Plaintiff") by and through its undersigned counsel, as and for its Complaint against Defendant Lowes Foods, LLC ("Lowes" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of fifty-eight copyrighted photographs of foods, owned and registered by Adlife, an advertising agency specializing in design, digital marketing, print advertising and photography. Accordingly, Adlife seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in North Carolina.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Adlife is an advertising agency specializing in design, digital marketing, print advertising and photography having a usual place of business at 38 Church Street, Pawtucket, Rhode Island 02860.

6. Upon information and belief, Lowes is a limited liability company duly organized and existing under the laws of the State of North Carolina, with a place of business at 1381 Old Mill Circle, Suite 200, Winston-Salem, North Carolina 27103.

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photographs**

7. Adlife is the copyright holder of fifty-eight food product Photographs (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8. Adlife has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs were registered with the United States Copyright Office. See Exhibit A.

**B. Defendant's Infringing Activities**

10. Lowes, a supermarket chain, copied the Photographs and used them for their weekly advertisements for food products (the "Advertisements"). The Advertisements prominently featured the Photographs. A true and correct copy of the Advertisements are attached hereto as Exhibit A.

11. Lowes did not license the Photographs from Plaintiff, nor did Lowes have Plaintiff's permission or consent to publish the Photographs on its Advertisements.

## CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST LOWES)
## (17 U.S.C. §§ 106, 501)

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Lowes infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Advertisements. Lowes is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

18. Plaintiff further is entitled to its attorney's fees and full costs pursuant to

17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Lowes be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded its costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Charlotte, North Carolina
July 18, 2018

CLEMENTS BERNARD WALKER

By: /s/ Seth L Hudson
Seth L. Hudson (NC Bar No. 32259)
4500 Cameron Valley Parkway
Suite 350
Charlotte, NC 28211
Tele: 704-790-3600
Fax: 704-366-9744
shudson@worldpatents.com

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com
*(Pro Hac Vice Forthcoming)*

*Attorneys for Plaintiff Adlife Marketing & Communications Company, Inc.*